IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMIE L. HERMAN,

        Plaintiff,

    v.

PORT OF ASTORIA, an Oregon public
Entity, MICHAEL J. WESTON, II, an
Oregon citizen, and DOES 1-10 inclusive,

        Defendants.

No. 3:15-CV-00276-HZ

OPINION & ORDER

Anne Devlan Foster
Samuel T. Smith
DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204

    Attorneys for Plaintiff

Ronald W. Downs
SPECIAL DISTRICTS ASSOCIATION
P.O. Box 12613
Salem, OR 97309

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Tammie Herman moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff was employed by the Port of Astoria's Finance Department until she was terminated on November 14, 2014. Proposed Second Amended Complaint (SAC) ¶ 6. Plaintiff brought this employment discrimination action on February 17, 2015, against Port of Astoria; Michael J. Weston II, the Port's Business Development and Operations Manager; and Does 1-10. Compl., ECF 1. Plaintiff asserted the following claims: (1) whistleblower retaliation; (2) disability discrimination; (3) injured worker discrimination; (4) aiding and abetting; (5) unauthorized disclosure of a whistleblower's identity; (6) breach of employment contract; (7) defamation of character; and (8) post-employment retaliation. Id. On February 24, 2015, Plaintiff filed an amended complaint, adding a claim of post-employment retaliation for an action Defendants took after the lawsuit was filed. First Am. Compl., ECF 6.

As part of the discovery process, Plaintiff deposed Defendant Weston. Based on statements made in that deposition, Plaintiff now seeks to amend her complaint to add Port Commissioner John Raichl as a defendant. Plaintiff contends that Commissioner Raichl participated in the disciplinary actions taken against Plaintiff during her employment and termination. SAC ¶¶ 94-96, 106, 131-137.

In addition, Plaintiff seeks to add a claim of post-employment retaliation based on an incident she alleges occurred on September 10, 2015. According to Plaintiff, she was in

downtown Astoria, Oregon, waiting to cross the street, when she noticed that Bill Hunsinger, another Commissioner of the Port of Astoria, was in his car. Id. at ¶ 190. Upon seeing Plaintiff, Commissioner Hunsinger allegedly rolled down his window and yelled "You're a piece of shit!" to Plaintiff. Id. at ¶ 191. Plaintiff alleges she was frightened, humiliated, and embarrassed as a result of Commissioner Hunsinger's behavior. Id. at ¶ 192.

## STANDARDS

Under Rule 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so requires." Id. "'This policy is to be applied with extreme liberality.'" C.F. ex rel Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)).

However, the liberality in granting leave to amend is subject to several limitations. "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); Foman v. Davis, 371 U.S. 178, 182 (1962)).

"Futility alone can justify the denial of a motion to amend." Hood v. S. Whidbey Sch. Dist., 605 F. App'x 665 (9th Cir. 2015) (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). The test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6). "A proposed amended complaint is futile if it would be immediately 'subject to

3 - OPINION & ORDER

dismissal.'" Nordyke v. King, 644 F.3d 776, 788 n. 2 (9th Cir. 2011) (quoting Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)), aff'd on reh'g en banc on other grounds, 681 F.3d 1041 (9th Cir. 2012); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (explaining that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)").

## DISCUSSION

Defendants do not oppose Plaintiff's motion to add Commissioner Raichl as a defendant in this action and, therefore, the Court grants Plaintiff's motion. However, Defendants oppose Plaintiff's attempt to add another claim of post-employment retaliation, arguing that the amendment would be futile because the proposed claim is without merit. The Court agrees and, therefore, denies Plaintiff's motion to add another post-employment retaliation claim.

To establish a case of post-employment[1] retaliation under ORS 659A.030(1)(f) and ORS 659A.199, Plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between her activity and the employment action.[2] Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ., 927 F. Supp. 2d

---

[1] The Court assumes for the purposes of this motion that Plaintiff could bring a claim of post-employment retaliation based on an alleged retaliatory act which occurred after the employment relationship ended. See Hoy v. Yamhill Cnty., No. 3:13-CV-01098-HZ, 2015 WL 2170119, at *18 (D. Or. May 8, 2015) (explaining that federal courts applying Oregon law look to federal case law interpreting Title VII of the Civil Rights Act for guidance in interpreting the employment discrimination provisions of ORS 659A); Hashimoto v. Dalton, 118 F.3d 671, 675 (9th Cir. 1997) (Under Title VII, former employees can bring post-employment retaliation claims against their former employer if the action is related to or arises out of the employment relationship.).

[2] ORS 659A.030(1)(f) provides that it is an unlawful employment practice "[f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under [Chapter 659A] or has attempted to do so." ORS § 659A.199 provides that "[i]t is an

1030, 1061 (D. Or. 2012) (citing <u>Brooks v. City of San Mateo</u>, 229 F.3d 917, 928 (9th Cir. 2000)); <u>Sandberg v. City of N. Plains</u>, No. 10-CV-1273-HZ, 2012 WL 602434, at *6 (D. Or. Feb. 22, 2012) (citing <u>Ruggles v. Cal. Polytechnic State Univ.</u>, 797 F.2d 782, 785 (9th Cir. 1986).

At issue in this motion is whether Plaintiff adequately alleges that she suffered an adverse employment action.[3] "An action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." <u>Ray v. Henderson</u>, 217 F.3d 1234, 1243 (9th Cir. 2000). "A variety of actions have met this definition, including: a lateral transfer, or refusing a lateral transfer; undeserved negative performance evaluations or job references if motivated by retaliatory animus and not promptly corrected; being excluded from meetings, seminars and positions that would have made plaintiff more eligible for salary increases; being denied secretarial support; eliminating job responsibilities; and failure to be promoted or be considered for promotion." <u>Shepard v. City of Portland</u>, 829 F. Supp. 2d 940, 960 (D. Or. 2011) (collecting cases).

However, petty slights or minor annoyances are not materially adverse—Plaintiff must show "retaliation that produces an injury or harm." <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006). As such, making negative or offensive comments, "mere ostracism," or bad-mouthing an employee is not an adverse action. <u>See</u> <u>Somoza v. Univ. of Denver</u>, 513 F.3d 1206, 1219 (10th Cir. 2008) ("[I]t cannot be said that

---

unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

[3] Defendants do not challenge the adequacy of Plaintiff's pleading that she engaged in protected activity.

negative comments, [and] condescending looks ... produce material and adverse actions."); Brooks v. City of San Mateo, 229 F.3d 917, 928–29 (9th Cir. 2000) (stating that "badmouthing" an employee does not constitute an adverse employment action in context of Title VII retaliation); Shepard, 829 F. Supp. 2d at 960 ("mere ostracism" or "offensive utterance by co-workers" does not qualify as an adverse employment action) (citing Strother v. Southern Cal. Permanente Med. Grp., 79 F.3d 859, 860 (9th Cir. 1996); Ray, 217 F.3d at 1243).

Threats, however, may rise to the level of an adverse employment action, if under the particular circumstance, those threats would have deterred a reasonable employee from making or supporting a charge of discrimination. See Burlington, 548 U.S. at 68; Lee v. Winter, 439 F.Supp.2d 82, 85 (D.D.C. 2006) (finding threat of reduced compensation constitutes materially adverse action after Burlington); see also Williams v. W.D. Sports, N.M., Inc., 497 F.3d 1079, 1090 (10th Cir. 2007) ("We do not doubt that a reasonable employee could well find ... a combination of threats and actions taken with the design of imposing both economic and psychological harm sufficient to dissuade him or her from making or supporting a charge of discrimination.").

In Best v. California Dep't of Corr., 21 F. App'x 553, 559-60 (9th Cir. 2001), the plaintiff's retaliation claim rested upon "numerous alleged incidents of harassment, including the 'keying' of her car and various insulting comments and name-calling by her co-workers and supervisors." The Court recognized that "retaliatory harassment, if sufficiently severe, may constitute 'adverse employment action' for purposes of a retaliation claim." Id. (citing Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000)). However, none of the various incidents of alleged harassment cited by the plaintiff were sufficiently severe or pervasive to "alter the

conditions of her employment." Id. Accordingly, the plaintiff failed to demonstrate that she suffered an adverse employment action. Id. In Shepard v. City of Portland, 829 F. Supp. 2d 940, 961 (D. Or. 2011), the court found that "disparaging and derogatory comments," even those made by the plaintiff's "Division Manager," did not alone constitute an adverse employment action.

Even Plaintiff concedes that in Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998), the Ninth Circuit held that being "bad mouthed and verbally threatened" did not constitute an adverse employment action. Nevertheless, Plaintiff argues that this Court must assess the full impact of Commissioner Hunsinger's insult in the context of the circumstances in which it occurred. Specifically, Commissioner Hunsinger allegedly called Plaintiff a "piece of shit" in public just two days after mediation failed to resolve Plaintiff's claims. Plaintiff argues that this conduct satisfies the requirement of being serious enough to deter a reasonable worker from participating in a protected activity.

The Court does not agree. Plaintiff cites no case that supports the proposition that the isolated insult alleged in this case could constitute an "adverse employment action." Even taking all of the facts as alleged in Plaintiff's complaint as true, Commissioner Hunsinger's action of rolling down his car window and shouting an insult at Plaintiff on one occasion is not the kind of retaliation that is actionable. The Court fails to see how this insult is the type of action that would be reasonably likely to deter employees from engaging in protected activity.

Allowing Plaintiff to amend her complaint to add a claim of post-employment retaliation based on Commissioner Hunsinger's insult would be futile because Plaintiff is unable to show that she suffered an "adverse employment action."

## CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint [18] is granted in part and denied in part. Plaintiff's motion to add Commissioner Raichl as a defendant is granted and her motion to add an additional claim of post-employment retaliation is denied. Plaintiff shall submit an amended complaint that complies with this Opinion & Order within 10 days of the date below.

IT IS SO ORDERED.

DATED this   28   day of   November  , 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge